UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAZEL L. DERDEN, | |
| Plaintiff, | No. 17 C 9095 |
| v. | Judge Thomas M. Durkin |
| SHERIFF OF COOK COUNTY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Hazel Derden alleges that she was discriminated and retaliated against by her employer the Sheriff of Cook County. The Sheriff has filed a motion to dismiss some of Derden's claims. R. 41. For the following reasons, that motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Analysis**

I. **Discrimination**

Derden is an African-American woman employed as a correctional officer by the Sheriff. Derden alleges that she was passed over for promotions in favor of White candidates several times during the time period of 2008-2016. But Derden did not file her EEOC charge until March 24, 2017. *See* R. 45 at 1; R. 41 at 6. For this reason, any claim about incidents that occurred more than 300 days prior to March 24, 2017—which is May 28, 2016—is untimely. *See Roney v. Ill. Dep't of Trans.*, 474 F.3d 455, 460 (7th Cir. 2007) ("Because [the plaintiff's] EEOC charge was filed on April 28, 1998, any discrete acts that occurred more than 300 days prior to this date, or before July 2, 1997, cannot be the basis of his Title VII claims."). Thus, the only timely discrimination claim Derden makes is the alleged failure to promote that occurred sometime in October 2016. *See* R. 38 ¶¶ 50-52, 108-09. Derden does not dispute this analysis.

2

Although the parties do not address it, the Court notes that one of Derden's allegations appears to indicate, contrary to her failure to promote claim, that she was in fact promoted after she passed the commander examination in October 2016. Specifically, Derden alleges that she "got a ranking for the first time" after passing that exam. R. 38 ¶¶ 51, 109. But the Court must not understand what Derden means by "got a ranking," because she has testified that she was *not* promoted after passing the commander examination, R. 45-3 at 25 (91:10-17), and she argues in her brief on this motion that she was not promoted. *See* R. 45 at 16. The Sheriff does not argue otherwise. To the extent Derden's allegation that she "got a ranking" is relevant to the case, the Court trusts that the parties will address it in the future.

Therefore, Derden's discrimination claim is limited to her allegation that she was wrongfully denied promotion after passing the commander examination in October 2016. Any other discrimination claim is dismissed.

## II. Retaliation

Derden also alleges that the Sheriff retaliated against her because she was named as a witness in a colleague's EEOC complaint. Derden claims that the Sheriff took the following actions in retaliation: (1) threatening her with "write-ups"; (2) denying her access to the payroll system; (3) forcing her to work with a reduced staff; (4) denying her use of her lunch premiums; (5) ordering her to require shift officers to wear a certain uniform; (6) ordering her to require inmate workers to wear uniforms; (7) denying her access to "workforce"; (8) forcing her to reschedule her vacation; (9) disciplining her for failing to perform tasks assigned by an email sent on

3

her day-off; and (10) denying her the opportunity to attend certain meetings. R. 38 ¶¶ 56-65.

"To state a claim for retaliation under Title VII, a plaintiff must allege that he engaged in statutorily protected activity and suffered an adverse action as a result of that activity." *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017). An adverse action must be "materially adverse" to be actionable. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). The Sheriff argues that Derden has failed to state a claim for retaliation because: (1) being named as a witness is not a protected activity; (2) Derden has not alleged adverse actions; and (3) to the extent she sufficiently alleged adverse actions, they were not caused by being named as a witness in her colleague's EEOC complaint.

### A. Protected Activity

First, the Sheriff merely asserts that Derden "has not engaged in a protected activity," R. 41 at 7, but offers no argument in support. This undeveloped argument is waived. *See Bunn v. Fed. Deposit Ins. Corp. for Valley Bank Ill.*, 2018 WL 5832934, at *6 (7th Cir. Nov. 8, 2018) ("We have repeatedly and consistently held that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). In any case, Title VII makes it "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). It is likely that serving as a witness for an EEOC claim falls within this

4

definition. *See Burlington*, 548 U.S. at 67 ("Title VII depends for its enforcement upon the cooperation of employees who are willing to file complaints and act as witnesses.").

B.   **Adverse Actions**

The Sheriff also argues that Derden's alleged adverse actions are not materially adverse because "not everything that makes an employee unhappy is an actionable adverse action." R. 41 at 9. "An action is materially adverse if a reasonable employee . . . would be dissuaded from engaging in the protected activity." *Koty v. DuPage County*, 900 F.3d 515, 520 (7th Cir. 2018). Unlike discrimination claims, in the context of a retaliation claim, materially adverse actions "are not limited to those that affect the terms and conditions of one's employment." *Alamo*, 864 F.3d at 555 n..39. Yet, "[b]ecause Title VII does not set forth a general civility code for the American workplace, its anti-retaliation provision does not protect against petty slights, minor annoyances, and bad manners." *Boss v. Castro*, 816 F.3d 910, 918 (7th Cir. 2016). Rather, "[a]n employee must suffer something 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Id.* at 918-19 (quoting *Hobbs v. City of Chicago*, 573 F.3d 454, 463-64 (7th Cir. 2009)). However, the Supreme Court has held that requiring an employee to "spend more time performing the more arduous duties and less time performing those that are easier or more agreeable" can constitute retaliatory conduct. *Burlington*, 548 U.S. at 71.

The Sheriff characterizes Derden's allegations as "mere inconveniences." The Court agrees that some of Derden's allegations do not rise to the level of materially

5

adverse actions. As an initial matter, the adverse consequences of Derden's allegations regarding uniform policies are entirely unclear. Second, rescheduling of vacation is a common workplace inconvenience. *See Pearson v. Advocate Health Care*, 2017 WL 3478815, at *6 (N.D. Ill. Aug. 14, 2017), *aff'd,* 727 Fed. App'x 866 (7th Cir. 2018). Third, the Seventh Circuit has held that unfulfilled threats of disciplinary action do not constitute a material adverse action. *See Poullard v. McDonald*, 829 F.3d 844, 856-57 (7th Cir. 2016). And finally, the lack of any alleged consequences for the disciplinary write-up Derden received for failing to complete a task on a day-off means that it does not plausibly constitute an adverse action. *See Boss*, 816 F.3d at 919 ("Unfair reprimands or negative performance reviews, unaccompanied by tangible job consequences, do not suffice[.]").

But Derden's allegations that she was denied access to a payroll system and that her shifts were understaffed are sufficient alterations to the conditions of her employment to allege material adverse actions. The payroll system is plausibly a tool necessary for Derden to perform her job. Being asked to perform a job while being denied the necessary tools might well dissuade a reasonable person from filing complaints about the workplace. More seriously, Derden alleges that the Sheriff forced her to work with reduced staff. That understaffing would affect the conditions of a prison guard's employment needs no explanation. *See Dass v. Chi. Bd. of Educ.*, 675 F.3d 1060, 1069 (7th Cir. 2012) (allegation of "unsafe . . . or otherwise significantly negative alteration in [the] workplace environment" plausibly describes a material adverse action). It may be that this understaffing is endemic to the Cook

6

County corrections system and has nothing to do with Derden personally. But Derden alleges that this action was taken with retaliatory motive. Taking Derden's allegations as true at this stage of the proceedings, the safety concerns raised by being forced to work understaffed shifts would certainly dissuade a reasonable person from filing complaints. Thus, Derden has plausibly alleged material adverse actions.

C. **Causation**

Lastly, the Sheriff argues that Derden's agreement to serve as a witness for an EEOC complaint cannot have caused any adverse action because she has not alleged that the Sheriff knew she had agree to serve as a witness. R. 46 at 4. But Derden alleges that she was named as a witness in the EEOC complaint. *See* R. 38 ¶ 54. It is more than plausible that the Sheriff received notice of the EEOC complaint and its contents. Thus, the Sheriff's causation argument is an insufficient basis to dismiss Derden's retaliation claim.

**Conclusion**

For the foregoing reasons, the Sheriff's motion to dismiss [41] is granted in part and denied in part in accordance with this opinion.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 15, 2018