UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HAZEL L. DERDEN,

    Plaintiff,

v.

COOK COUNTY SHERIFF'S OFFICE,

    Defendant.

No. 17 C 9095

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Hazel Derden, represented by counsel, alleges that she was discriminated and retaliated against by her employer, the Cook County Sheriff's Office, in violation of Title VII of the Civil Rights Act of 1964. Specifically, she claims that: (1) the Sheriff failed to promote her in 2016 because she is black; and (2) the Sheriff retaliated against her because she was named as a witness in a colleague's EEOC complaint.[1] The Sheriff has moved for summary judgment. R. 59. That motion is granted.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most

---

[1] Any other claims were dismissed earlier in the case. *See* R. 48 (*Derden v. Sheriff of Cook Cty.*, 2018 WL 5994928 (N.D. Ill. Nov. 15, 2018)).

favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). To defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th Cir. 2018). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Analysis

### I. Discrimination

To defeat summary judgment on her discrimination claim, Derden must show that she was not promoted because she is black. *See LaRiviere v. Bd. of Trustees of S. Ill. Univ.*, 926 F.3d 356, 359 (7th Cir. 2019) ("In racial discrimination suits, the question we seek to answer is whether a reasonable juror could conclude that [the defendant] would have kept her job if she had a different ethnicity, and everything else had remained the same."). Since she has no direct evidence supporting her claim, Derden relies on the burden shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under that framework, [the plaintiff] has the initial burden of establishing a prima facie case of discrimination or retaliation, which involves showing that '(1) she is a member of a protected class, (2) her job performance met [the employer's] legitimate expectations, (3) she suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff.'" *LaRiviere*, 926 F.3d at 360.

2

The Sheriff argues that there is no evidence that a similarly situated person who is not black was promoted. Derden argues that two of the three people who were promoted were white. But she also admits that both of those people had higher scores in the point system the Sheriff uses to determine promotions. *See* R. 60 at 7 (¶ 29); R. 65 at 3 (¶ 29). (Derden does not claim that this ranking process itself is discriminatory.) The two white employees who were promoted were ranked first and second in the point system. Derden ranked thirteenth. Because the two white employees who the Sheriff promoted scored higher in the rankings, Derden has failed to establish a prima facie case that she was similarly situated to the employees who were promoted.

The Sheriff's regulations also permit the Sheriff to make a discretionary promotion outside the score ranking system in certain circumstances. In accordance with this regulation, the Sheriff promoted a black woman who scored 32nd. *See* R. 60-10 at 4. Derden argues that this is evidence of discrimination against her. But since Derden and the woman who scored 32nd are both black, the preferential treatment given to the other woman at Derden's expense is not evidence of racial discrimination.

Therefore, summary judgment on Derden's discrimination claim is granted to the Sheriff.

## II. Retaliation

Derden also alleges that the Sheriff retaliated against her because she was named as a witness in a colleague's EEOC complaint. Derden claims that the Sheriff took the following actions in retaliation: (1) denying her access to the payroll system;

3

(2) forcing her to work with a reduced staff; (3) threatening her with "write-ups"; (4) denying her use of "lunch premiums" (a term explained below); (5) ordering her to require her subordinates to wear certain uniforms; (6) disciplining her for failing to perform tasks assigned by an email sent on her day-off; and (7) denying her the opportunity to attend certain meetings.

To defeat summary judgment on a retaliation claim, a plaintiff must show that "(1) she engaged in a statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite her satisfactory job performance, the employer took an adverse action against her; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Rozumalski v. W.F. Baird & Assocs., Ltd.*, 2019 WL 3955383, at *4 (7th Cir. Aug. 22, 2019). The Sheriff argues that Derden has failed to present evidence of protected activity, adverse action, or causation.

A.  **Protected Activity**

The Sheriff argues that being a witness in a discrimination case is not a protected activity. But the relevant statute protects participating in a proceeding as a witness. *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has . . . testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."). The Sheriff argues that being listed as a witness is not the same as actually testifying. *See* R. 61 at 11. If this was a material distinction, it would be a rather large loop-hole in Title VII's protections. The Court

holds that the better interpretation of the statute is that it prohibits retaliatory conduct that might serve to intimidate a person who would otherwise be willing to testify. So there is sufficient evidence of protected activity here.

B.   **Adverse Actions**

Some of Derden's claims of adverse actions do not describe activity that would dissuade a reasonable employee "from engaging in the protected activity." *Koty v. DuPage County*, 900 F.3d 515, 520 (7th Cir. 2018). And as mentioned, the Court dismissed claims based on these allegations earlier in the case. *See* R. 48. Discovery has not added anything to the record beyond the allegations in Derden's complaint which the Court held were insufficient to state a claim. *See id.* at 5-7. Nevertheless, the Court will reiterate why these alleged adverse actions are not actionable under Title VII.

First, the adverse consequences of Derden's allegations regarding uniform policies are entirely unclear. Second, the Seventh Circuit has held that unfulfilled threats of disciplinary action do not constitute a material adverse action. *See Poullard v. McDonald*, 829 F.3d 844, 856-57 (7th Cir. 2016). Third, the lack of any alleged consequences for the disciplinary write-up Derden received for failing to complete a task on a day-off means that it does not plausibly constitute an adverse action. *See Boss v. Castro*, 816 F.3d 910, 919 (7th Cir. 2016) ("Unfair reprimands or negative performance reviews, unaccompanied by tangible job consequences, do not suffice[.]"). Lastly, Derden's testimony that she was not invited to certain meetings does not explain how her lack of an invitation was anything more than an inconvenience or an

5

action akin to an alternation of job responsibilities that does not trigger protection under Title VII. *See Boss v. Castro*, 816 F.3d 910, 918-19 (7th Cir. 2016) ("An employee must suffer something more disruptive than a mere inconvenience or an alteration of job responsibilities."). To the extent claims based on these alleged adverse actions survived the earlier motion to dismiss, summary judgment is granted to Defendants on those claims.

C.  **Evidence of Retaliatory Motive**

It the earlier opinion addressing Defendants' motion to dismiss, the Court held that Derden's allegations of understaffing and denial of access to the payroll system were plausibly adverse actions. *See* R. 48. But to the extent Derden's testimony regarding understaffing, "lunch premiums," and denial of access to the payroll system is evidence of adverse actions, Derden has not presented evidence that would allow a reasonable jury to conclude that the Sheriff took those actions in retaliation for Derden being listed as a witness in a discrimination complaint. The same is true for Derden's testimony regarding "lunch premiums," which the Court did not address on the motion to dismiss.

The only evidence that these actions were taken with retaliatory motive is Derden's testimony. But Derden never testified that these actions were taken because she was listed as a witness. Rather, Derden has said that these actions were taken because she is black. *See* R. 65-8 at 2-3 (¶¶ 6-8). Derden's brief on her retaliation claim also argues that the Sheriff's Office took these actions against her because of

6

her race. *See* R. 66 at 9-10. Derden's testimony about actions taken against her because of her race is not evidence of retaliation.[2]

Additionally, the Sheriff has presented evidence demonstrating that the understaffing, restrictions on lunch premiums, and restrictions on access to the payroll system, are office-wide policies. The Sheriff concedes that staffing of Derden's division was decreased after a brief period of increased staff. *See* R. 60 at 14 (¶¶ 64-65). And Derden cites the deposition testimony of a former Sheriff employee indicating that there were even greater staffing reductions than the Sheriff's evidence indicates during certain time periods. *See* R. 65-5 at 16:17-23. But all of the evidence in the record tends to show that any staffing changes affected Derden's division generally. There is no evidence that the staffing changes were directed at Derden in particular, whether because she was named as a witness in a complaint or because she is black.

Similarly, the Sheriff has presented an affidavit from the Sheriff's Director of Payroll stating that access to the payroll system is generally limited to superintendents, who then delegate access to certain lieutenants to assist them. *See* R. 60-12. The affidavit includes a schedule of access delegation by Derden's superintendent, showing that access has rotated among lieutenants, including

---

[2] To the extent Derden meant to claim that these adverse actions are evidence of discrimination, the only evidence she has presented is her testimony that these actions were taken against her but not white employees. But she has not presented evidence of any specific comparator employees. It is not necessary to identify similarly situated comparators in pleadings, but it is essential at summary judgment under the *McDonnell Douglas* analysis. *See Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 914 (7th Cir. 2012).

Derden. Derden testified that she believed she was improperly denied access to the system. But she has failed to present any evidence of other individuals who were permitted access, whether because they were white or were not witnesses in a discrimination complaint. Thus, Derden has not satisfied her burden on summary judgment.

And lastly with respect to lunch premiums, Derden has entirely failed to present evidence that would enable a reasonable jury to determine whether being deprived of the ability to grant lunch premiums to subordinates is an adverse action. Apparently, a lunch premium allows a supervisor to compensate a subordinate for working through lunch. In her deposition, Derden suggested that having the authority to grant lunch premiums is necessary to maintain appropriate staffing levels. But her testimony does not explain why *she* should have had the authority to grant lunch premiums. She also does not specifically identify similarly situated comparators who were given the authority to grant lunch premiums. Derden's bare assertion that such people exist, albeit under oath, is insufficient for a reasonable jury to find in her favor.

## Conclusion

Therefore, the Sheriff's motion for summary judgment [59] is granted. Judgment will be entered against Derden and in favor of the Sheriff.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 1, 2019